UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KHARI VARNER,

　　　　　Plaintiff,

　v.

UNIVERSITY MEDICAL CENTER OF
SOUTHERN NEVADA,

　　　　　Defendant.

Case No. 2:24-cv-02105-CDS-EJY

**ORDER
AND
REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff Khari Varner's application to proceed *in forma pauperis* (ECF No. 1) as well as his Complaint (ECF No. 1-1).  Also pending are Plaintiff's Motion [Requesting] Serv[ice] of Summons to All Parties and Motion to Send Non-Inmate IFP Application. ECF Nos. 4 and 5.

**I.　Plaintiff's Application to Proceed *in forma pauperis***

Plaintiff's application to proceed *in forma pauperis*, required by 28 U.S.C. § 1915(a), demonstrates he is unable to prepay court filing fees and costs or give security for them. ECF No. 1. Plaintiff's *in forma pauperis* application is granted.

**II.　Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).  To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* (internal quotation omitted).  The Court must liberally construe pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

### III.    Plaintiff's Complaint

In his Complaint, Plaintiff identifies multiple statutes alleging each was violated. ECF No. 1-1 at 3. However, while the pleaded facts in the Complaint allege an injury, Plaintiff fails to plead facts and attribute them to any particular claim or defendant. A claim under § 1985, for example, requires an alleged conspiracy based on some racial or otherwise class-based "invidious discriminatory animus." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 989 (9th Cir. 2001). A claim under § 2000a similarly requires an allegation of discrimination in access to public accommodations on the basis of race or other protected class. *Dunn v. Albertsons*, Case No. 2:16-cv-02194-GMN-PAL, 2017 WL 3470573 (D. Nev. Aug. 10, 2017). Plaintiff's attempt to assert a claim under 18 U.S.C. § 1591[1] fails because private citizens have no cognizable legal interest in the enforcement of criminal statutes, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The statute on which Plaintiff bases his remaining claim, the D.C. Human Rights Act, D.C. Code § 2-1401.01, is inapplicable outside of Washington, D.C.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). Plaintiff's allegations do not assert a coherent set of facts sufficient to state a plausible claim for relief to which each Defendant could respond. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief). Plaintiff's Complaint says some defendant did him wrong, but fails to put each defendant on sufficient notice of the claims against it/him/her/them as required by Rule 8. *Benitez v. Schumacher*, Case No. 2:20-cv-00396-FMO-SHK, 2020 WL 6526352, at *12 (C.D. Cal. May 4, 2020).

Further, because there is no operative complaint, no summonses will issue. And, as stated above, Plaintiff's application to proceed *in forma pauperis* is granted. Therefore, the Motion to Send Non-Inmate IFP Application is denied as moot.

---

[1] Plaintiff's Complaint cites 42 U.S.C. § 1591, a provision relating to housing for military personnel. Given the context, though, the Court construes this as an attempt to cite to 18 U.S.C. § 1591, a statute criminalizing the trafficking of children.

**IV.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is DISMISSED without prejudice.

IT IS FURTHER ORDERED that Plaintiff must, if he so chooses, file an amended complaint no later than **December 23, 2024**.  Plaintiff's amended complaint must include a clear and simple set of facts that ties specific harms to specific defendants.  Plaintiff is advised that his amended complaint must be complete in and of itself.  The Court cannot refer to Plaintiff's original Complaint when screening an amended complaint.

IT IS FURTHER ORDERED that the Clerk of Court **must** send Plaintiff the form complaint for a non-inmate and the instructions for completing the same.

IT IS FURTHER ORDERED that Plaintiff's Motion [Requesting] Serv[ice] of Summons to All Parties (ECF No. 4) and Motion for Non-Inmate IFP Application are DENIED as moot.

IT IS FURTHER ORDERED that failure to timely comply with this Order will result in a recommendation to dismiss this action in its entirety.

**V.    Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's claim under 18 U.S.C. § 1591 be DISMISSED with prejudice.

Dated this 22nd day of November, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

1

**NOTICE**

2        Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be

3    in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has

4    held that the courts of appeal may determine that an appeal has been waived due to the failure to file

5    objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also

6    held that (1) failure to file objections within the specified time and (2) failure to properly address

7    and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal

8    factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir.

9    1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28