UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Khari Varner,

        Plaintiff

v.

University Medical Center of Southern Nevada, et al.,

        Defendants

Case No. 2:24-cv-02105-CDS-EJY

**Order Adopting in Part and Modifying in Part Magistrate Judge's Report and Recommendation**

[ECF No. 6]

      Magistrate Judge Elayna J. Youchah issued a report and recommendation (R&R) that I dismiss plaintiff Khari Varner's claim for child trafficking under 18 U.S.C. § 1591 because private citizens have no cognizable legal interest in the enforcement of criminal statutes. ECF No. 6 (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Varner had until December 6, 2024, to file written objections to the R&R. *Id.* at 4 (citing LR IB 3-2(a) (stating that parties wishing to object to an R&R must file objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). As of the date of this order, Varner has neither objected to the R&R nor requested more time to do so. Rather, Varner filed an amended complaint on December 3, 2024. ECF No. 7.

      "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Although a de novo review of the R&R is not required, I nonetheless conduct one here. The R&R recommends that Varner's claim under 18 U.S.C. § 1951 be dismissed with prejudice. ECF No. 6 at 3. Although I agree with Judge Youchah's finding that a civil plaintiff cannot raise claims based on criminal statutes—section 1951 is a criminal statute that penalizes a defendant who has actual knowledge of or financially benefits from trafficking—Congress did create a private right of civil

action for victims of trafficking under 18 U.S.C. § 1595. *Ditullio v. Boehm*, 662 F.3d 1091, 1094 (9th Cir. 2011). This limited civil remedy allows victims to pursue claims against perpetrators of trafficking, or those who knowingly benefited financially from trafficking. *Id.* (citing 18 U.S.C. § 1595(a)). However, this does not impact the finding and conclusion that Varner's claim must be dismissed. Even construing Varner's complaint liberally,[1] at no point does he allege that he is a victim of child trafficking. Therefore, he cannot utilize the private right of action provided for victims of trafficking under 18 U.S.C. § 1595. Further, there are insufficient facts or allegations showing how the defendant actually engaged in some aspect of child trafficking or how the defendant knowingly benefited from and knowingly assisted, supported, or facilitated trafficking activities. *Doe v. WebGroup Czech Republic*, 2024 U.S. Dist. LEXIS 131697, *28 (C.D. Cal. July 24, 2024). Furthermore, amendment on this claim would be futile because, based on what is alleged in the complaint, it is clear that Varner cannot demonstrate he is entitled to the private right of action.[2] Therefore, I adopt Judge Youchah's finding with the modification addressing the private right of civil action for victims of trafficking under 18 U.S.C. § 1595.

## Conclusion

It is therefore ordered that the report and recommendation **[ECF No. 6] is adopted in part and modified in part** for the reasons set forth in this order. Varner's claim against University Medical Center under 18 U.S.C. § 1951 is dismissed with prejudice.

Dated: December 10, 2024

_____
Cristina D. Silva
United States District Judge

---

[1] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).
[2] Pro se litigants should be given leave to amend unless it is absolutely clear that the defective complaint cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).