UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KHARI VARNER,<br><br>  Plaintiff,<br><br> v.<br><br>UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA,<br><br>  Defendant. | Case No. 2:24-cv-02105-CDS-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff Khari Varner's First Amended Complaint ("FAC") (ECF No. 7) submitted in response to the Court's prior Order and Report and Recommendation (ECF No. 6) dismissing Plaintiff's original Complaint for failure to state a claim under Federal Rule of Civil Procedure ("FRCP") 8. The Court has considered the FAC and finds as follows.

**I.    Screening Standard**

Upon granting Plaintiff's IFP application the Court must screen his Complaint under 28 U.S.C. § 1915(e)(2). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A federal court must dismiss a claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in

the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

Allegations of a pro se complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Federal Rule of Civil Procedure Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.    Discussion**

Plaintiff's FAC names University Medical Center of Southern Nevada ("UMC") and Kristian Ohm, identified as a UMC and Department of Child and Family Services ("DCFS") social worker as Defendants. ECF No. 7 at 4. Plaintiff's FAC attempts to assert claims under 18 U.S.C. § 1591 and the D.C. Human Rights Act of 1977, as well as a claim of "Bias-Related Conspiracy."[1] ECF No 7 at 3. The Court previously ordered dismissal of Plaintiff's § 1591 claim with prejudice, and

---

[1] The statute identified by Plaintiff in his FAC is 18 (not 42) U.S.C. § 1591. Section 1591 is a criminal statute that does not provide a private right of action. 18 U.S.C. § 1595 provides a private right, but one not available to Plaintiff. *See* ECF No. 8 at 2.

1   found Plaintiff can state no claim under § 1595. ECF No. 8 (adopting the Report and
2   Recommendation with modification). Thus, the Court does not address claims under these statutes
3   any further. The Court's Order and Recommendation also found the D.C. Human Rights Act
4   inapplicable to acts that are alleged to have occurred entirely in Nevada. ECF No. 6.

5         The Court finds it appropriate to consider whether Defendant Ohm can be sued for actions
6   taken in her role as a social worker. Although Plaintiff fails to clearly identify by whom Ohm is
7   employed, the Court finds that if she is a DCFS social worker she enjoys absolute immunity when
8   making "discretionary, quasi-prosecutorial decisions to institute court dependency proceedings to
9   take custody away from parents." *Miller v. Gammie*, 335 F.3d 889, 896 (9th Cir. 2003) (en banc).
10  However, to the extent Ohm made "discretionary decisions and recommendations that are not
11  functionally similar to prosecutorial or judicial functions, only qualified, not absolute immunity, is
12  available." *Id.* at 898. The key factor in determining whether absolute immunity shields a social
13  worker's action is "whether it was investigative or administrative, on one hand, or part and parcel
14  of presenting the state's case as a generic advocate on the other[,]" with absolute immunity only
15  applying to the latter. *Hardwick v. Cnty. of Orange*, 844 F.3d 1112, 1115 (9th Cir. 2017). Further,
16  a DCFS social worker is "not entitled to absolute immunity from claims that they fabricated evidence
17  during an investigation or made false statements in a dependency petition affidavit." *Beltran v.*
18  *Santa Clara County*, 514 F.3d 906, 908 (9th Cir. 2008) (en banc) (per curiam). Subsequent decisions
19  make clear that such allegations against a social worker do not trigger absolute immunity simply
20  because they relate to the initiation of a dependency proceeding or result in the removal of children
21  from a parent's custody. *Rieman v. Vazquez*, 96 F.4th 1085 (9th Cir. 2024).

22        Here, Plaintiff alleges "DFS workers gets paid for every child that gets removed and extra if
23  the child or children or considered disabled." ECF No. 7 at 4. Plaintiff further alleges his twins
24  were born prematurely and are considered disabled, which means—allegedly—more money is paid
25  but for what is unclear. *Id*. Finally, Plaintiff alleges Ohm "falsified documents and made false
26  statements" so his children would be removed "against their doctors orders for financial gain."
27  Although Plaintiff's claims surround removal of his children, on their face they do not support
28

absolute immunity because they appear directed to alleged false statements and falsified documents. In the absence of absolute immunity, the Court considers whether Plaintiff states a valid claim.

The Court finds Plaintiff's claim for Bias-Related Conspiracy at best unclear as there is no identified legal theory under which this claim is brought. Based on the factual allegations and claims asserted, the Court liberally construes Plaintiff's FAC as attempting to assert a 42 U.S.C. § 1985(3) claim. Section 1985(3) provides a private right of action for conspiracy to deprive "any person or class of persons of the equal protection of the laws." To state a claim under § 1985(3), a plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). Plaintiff fails to plead facts sufficient to state these elements.

To properly allege a conspiracy under § 1985(3), a plaintiff must allege that "*two or more*" persons conspired to deprive an individual of his constitutional rights, 42 U.S.C. § 1985(3), one of which must be a state actor. *Pasadena Republican Club v. W. Justice Ctr.*, 985 F.3d 1161, 1171 (9th Cir. 2021) ("[Section] 1985(3) requires at least one of the wrongdoers in the alleged conspiracy to be a state actor."). Defendant UMC is a state actor. *Williams v. Univ. Med. Ctr. of S. Nev.*, 688 F. Supp. 2d 1111 (D. Nev. 2010) (finding that UMC is a state actor because "it is a public county hospital created through a petition signed by a certain percentage of taxpayers and approved by the board of county commissioners, and is supported through taxpayer funds") (citing NRS § 450.020-.060). However, the only actions challenged in the FAC are those of Defendant Ohm. ECF No. 7 at 4. If Ohm was acting as an employee of UMC there can be no conspiracy between the two. *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 622 (Nev. 1983) ("Agents and employees of a corporation cannot conspire with their corporate principal or employer where they act in their official capacities on behalf of the corporation and not as individuals for their individual advantage.") If Ohm was acting for her own individual advantage rather than as an employee of UMC a conspiracy claim might be possible.

Nevertheless, Plaintiff's conspiracy claim fails because while he mentions disability status of his children (ECF No. 7 at 4), there is no allegation that Plaintiff is disabled. Assuming, but not deciding, that the Ninth Circuit would include disability within the limits of § 1985—applicable to those classes under the Equal Protection Clause and Congress indicate are entitled to special protection (*see Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985) and 42 U.S.C. 12101(a)),[2] § 1985 requires Plaintiff to be a member of the protected class. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002). Plaintiff's FAC alleges that his rights were violated through the taking of his children, not based on any protected class of which he may be a member. And, Plaintiff cannot bring a claim on behalf of his children "without retaining a lawyer." *Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). *See also Tagle v. Clark County*, Case No. 2:15-cv-00881-JCM-PAL, 2016 WL 1064474, at *3 (D. Nev. Mar. 17, 2016). Therefore, even liberally construed, Plaintiff's allegations do not state a claim under § 1985.

Plaintiff fails to state a claim upon which relief can be granted; however, Plaintiff may be able to state a § 1985 claim by pleading of additional facts pertaining to himself—not his children. Thus, the Court grants one final opportunity to amend. If Plaintiff chooses to bring a claim under § 1985, he must identify at least two members of the alleged conspiracy. If one individual is the employee of the other, the Second Amended Complaint must plead sufficient facts to demonstrate the employee acted in his/her individual interest. Plaintiff also must allege he is a member of a protected class against whom the conspiracy was targeted. If he chooses to file a Second Amended Complaint, he must include all relevant facts, as facts pleaded in previous complaints cannot be considered by the Court in screening an second amended complaint.

**IV.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's First Amended Complaint is DISMISSED without prejudice.

---

[2]    The Court has also considered whether Plaintiff's claim might be construed as a claim under Title II of the American with Disabilities Act, 42 U.S.C. §12131 *et seq*. However, a suit under Title II requires an allegation that public services were denied on the basis of disability, *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002), which Plaintiff does not allege.

1    IT IS FURTHER ORDERED that Plaintiff must, if he so chooses, file a Second Amended Complaint no later than **February 3, 2025**.

IT IS FURTHER ORDERED that failure to comply with the terms of this Order will result in a recommendation to dismiss this action in its entirety.

Dated this 7th day of January, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE