UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Khari Varner, | Case No. 2:24-cv-02105-CDS-EJY |
| Plaintiff | **Order Adopting Magistrate Judge's Report and Recommendation** |
| v. | |
| Kristian Ohm, | [ECF No. 10] |
| Defendant | |

In November 2024, pro se plaintiff Khari Varner's complaint against defendant University Medical Center of Southern Nevada was screened by United States Magistrate Judge Elayna J. Youchah. Order, ECF No. 6. At that time, Judge Youchah dismissed Varner's complaint without prejudice and with leave to amend; and Varner timely filed his first amended complaint on December 3, 2024. FAC, ECF No. 7. Judge Youchah screened the amended complaint and again dismissed it for failure to state a claim. Order, ECF No. 9. She granted Varner one final opportunity to amend his complaint to plead facts sufficient for his claims to survive. *Id.* at 5. The deadline to file the second amended complaint was February 3, 2025. *Id.* at 6. That deadline passed without an amended complaint, or any communication from Varner, therefore Judge Youchah issued a report and recommendation (R&R) that this matter be dismissed without prejudice but without leave to amend. R&R, ECF No. 10. Varner had until February 27, 2025, to file any specific, written objections to the R&R. *Id.* (citing Local Rule IB 3-2 (stating that parties wishing to object to an R&R must file specific written objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1) (same). To date, no objection, nor request seeking more time, is filed.

Although "no review is required of a magistrate judge's report and recommendation unless objections are filed,"[1] the Ninth Circuit has instructed courts to consider the following

---

[1] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

factors in determining whether to dismiss an action for failure to comply with the court's order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

The first two factors, the public's interest in expeditious resolution of litigation as well as the court's need to manage its docket, weigh in favor of dismissal. "The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The court cannot expeditiously resolve a case if the plaintiff fails to fulfill his obligations in prosecuting an action. That is why it has long been recognized that the court's inherent power to control its docket includes the ability to issue sanctions of dismissal where appropriate. *Thompson*, 782 F.2d at 831.

The third factor for consideration, the risk of prejudice to the defendants, also weighs in favor of dismissal. Varner has not offered any excuse for his failure to comply with the court's order to file a second amended complaint, which has caused an unexplained and unreasonable delay; and "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (recognizing that "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute," but finding that the plaintiff provided a non-frivolous explanation for his lack of diligence).

The fourth factor, the public policy favoring disposition of cases on their merits, always weighs against dismissal. But this case cannot move toward resolution, on the merits or otherwise, due to Varner's failure to amend his complaint. As the plaintiff in this action, it is Varner's responsibility to move the case toward disposition on the merits. *Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (observing that it is the responsibility of the moving party to move toward disposition on the merits). Thus, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct

impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). I therefore find that the fourth factor is greatly outweighed by the factors favoring dismissal.

The fifth factor, the availability of less drastic sanctions, also weighs in favor of dismissal. A court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Although courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives," *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986), this litigation cannot move forward without an operative complaint or Varner's participation. Varner was provided adequate warning that dismissal would result from his failure to comply with the court's orders. ECF No. 6 at 3; ECF No. 9 at 6. His failure to do so, despite multiple warnings of the consequences, leaves the court with two alternatives: dismiss the action or leave it pending indefinitely without an operative complaint. There is thus no lesser alternative to dismissal available here.

Because Varner has failed to comply, and four of the five factors weigh in favor of dismissal, I adopt Judge Youchah's R&R and dismiss this matter without prejudice but without leave to amend.

### Conclusion

IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 10] is adopted in full**, and this case is **dismissed without prejudice but without leave to amend**.

The Clerk of Court is kindly directed to enter judgment accordingly and to close this case.

Dated: March 6, 2025

_____
Cristina D. Silva
United States District Judge

3